IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | In Chapter 11 Proceedings |
|---|---|
| Kimberly Ann Kent & Gregg Terry Kent, | Case No. 07-bk-03238-SSC |
| Debtors. | **MEMORANDUM DECISION DENYING STAY PENDING APPEAL** |

On July 18, 2008, Osborn Maledon, P.A. ("OM") filed a Motion for Stay Pending Appeal. This matter is appropriate for immediate resolution without further briefing or oral argument. The Court has jurisdiction over this matter, and to the extent necessary, the Court has set forth its findings of fact and conclusions of law. 28 U.S.C. §§ 1334 and 157 (West 2008); Fed.R.Bank.P. 7052.

Discussion

In determining whether to grant a stay pending appeal, the Court relies on the Ninth Circuit decision of <u>In re Wymer</u>, 5 B.R. 802 (9th Cir. B.A.P. 1980). In its brief Motion, OM has not articulated a basis for a stay. Pursuant to <u>Wymer,</u> the Court will discuss each factor that is required for it to enter a stay pending appeal and why OM has failed to meet the requisite factors.

1. <u>Appellant is likely to succeed on the merits.</u>

OM's only argument under this prong is that it is somehow entitled to an evidentiary hearing. Settlements are presented to the Court through the vehicle of a motion. Bank. R. 9019. The Ninth Circuit has construed Rule 9019 broadly to allow a trustee, debtor-in-possession, or other party, including creditors, to bring such a motion. <u>In re Guy F. Atkinson Co. of California</u>, 242 B.R. 497, 500 (9th Cir. B.A.P. 1999). The decision of

whether to approve a particular settlement agreement lies within the trial court's broad discretion; the standard of review is abuse of discretion. <u>In re Walsh Construction, Inc.</u>, 669 F.2d 1325 (9th Cir. 1982). In evaluating a Rule 9019 Motion, the Court's role is to "canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." <u>In re Pacific Gas & Electric Co.</u>, 304 B.R. 395, 417 (Bankr. N.D.Cal. 2004); <u>In re A & C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986). Rule 9019 does not require an evidentiary hearing on every settlement agreement presented to the Court. <u>Depoister v. Mary M. Holloway Foundation</u>, 36 F.3d 582 (7th Cir. 1994); <u>In re Pac. Gas & Elec.</u>, 304 B.R. at 417 ("the Court is not required to hold a full evidentiary hearing or "mini-trial" before a compromise can be approved"). Even if an objection is filed, the motion becomes a contested matter under Rule 9014, which the Court may hear without even requiring further briefing from the parties other than the initial response to the underlying motion. <u>See</u> <u>In re International Fibercom, Inc.</u>, 503 F.3d 933, 946 (9th Cir. 2007) (holding that where an adequate factual basis is presented for the bankruptcy court's decision, an additional evidentiary hearing is unnecessary, particularly where the requesting party fails to explain what more it would offer at an evidentiary hearing); <u>Hebbring v. U.S. Trustee</u>, 463 F.3d 902, 908 (9th Cir. B.A.P. 2006); <u>In re Pac. Gas & Elec.</u>, 304 B.R. at 417. The Ninth Circuit has also stated that a motion may be granted simply on the pleadings. <u>See</u> <u>In re Two S Corp.</u>, 875 F.2d 240 (9th Cir. 1989) (holding that the bankruptcy court was not required to conduct an evidentiary hearing where sufficient facts were set forth in the pleadings).

    In this matter, the Court did not have any genuine issue of fact, or any disputed issue of fact, that rose to the level of requiring an evidentiary hearing on the settlement. That is still true. The current Motion only states the "the Debtors failed to introduce any evidence whatsoever that the settlement was fair and equitable. . ." Quite the contrary, the Debtors and K&W have presented a <u>prima facie</u> case that the settlement is fair and equitable. The parties, after some initial reluctance, agreed to utilize the Court's mediation program, selecting a skilled bankruptcy practitioner to assist them in resolving a

2

dispute that had been commenced in the state court years ago and continues to fester. To not approve such a settlement now would be sending a message to the federal court practitioners that the Court does not support mediation and that somehow the Court-approved mediators are not acting appropriately or consistently with the law. The Court is unwilling to tackle such a policy issue on this record. The Court could understand OM's position if the parties had simply negotiated amongst themselves. Perhaps then there would be cause to wonder whether the settlement was collusive. However, as stated, the parties did not negotiate on their own. OM has presented nothing to support an evidentiary hearing as being necessary or appropriate.

In any event, under the test enunciated by the Ninth Circuit, the Court need only give "due deference to the reasonable opinions of creditors." In re Blair, 538 F.2d 849 (9th Cir. 1976). The Court need not disapprove a settlement based upon the opinion of a single creditor. In re A & C Properties, 784 F.2d 1377, 1382 (9th Cir. 1986). Since OM is the only creditor objecting to a settlement that resolves a contentious dispute between K&W and the Debtors, the Court may consider the opinion of OM, but resolve the issue by nevertheless approving the settlement.

Of concern to the Court is that OM is well aware of the ongoing dispute between the Debtors and K&W. OM represented the Debtors in the state court litigation between the parties, including the protracted and contentious arbitration proceedings. OM continued to represent the Debtors in an effort to preclude the state court from entering a final judgment approving and confirming the arbitration award. Although that final judgment was subsequently entered and is now on appeal, one of the many matters that will be resolved by the settlement between the Debtors and K&W, OM was unable to preclude the entry of a judgment in excess of $1,447,500 in favor of K&W and against the Debtors. Moreover, OM expended $407,388.65 in legal fees in aggressively representing the Debtors in that state

court dispute.[1]  So, more than any other party to this bankruptcy case, OM must know the legal expenses alone that this estate would incur if the settlement were not approved.  As noted at the settlement hearing, the Debtors and K&W have over eight separate matters pending in the state and federal courts as to the dispute that once raged between them.  In a certain sense, because of OM's representation of the Debtors in the state court litigation, they have a familiarity with the facts that is unique to any other creditor in this case.  Given that knowledge, the Court needs some factual basis not to approve the settlement.  In the Ninth Circuit decision of <u>In re California Architectual Building Products</u>, the Ninth Circuit concluded that when the party is so situated as to make its statements in an affidavit on a motion for summary judgment not believable, that party is held to a higher standard to create a genuine issue of material fact to warrant a trial on the disputed issue.  <u>California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing <u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S. Ct. 1348, 1356 (1986)).   In a similar sense, given OM's knowledge of the state court dispute, and the amount of the legal fees  incurred by it in representing the Debtors, OM should present something more to the Court other than its mere summary statements to create a disputed issue of fact that requires an evidentiary hearing.  Again, even in the current Motion, OM has failed to create any evidentiary issue that needs to be resolved by the Court.

   Based upon the foregoing analysis, the underpinning for the OM's statement that it will likely succeed on the merits is not supported by the record.

2. <u>Appellant will suffer irreparable injury.</u>

   OM has made no showing as to any type of injury that it will suffer if this settlement is approved.  K&W, as noted previously, already has a judgment against the

---

**1** <u>See</u> Claims Register, Claim 1, Proof of Claim of Osborn Maledon.  <u>See</u> also Docket Entry Nos. 249 and 267, "Motion of Osborn Maledon, P.A. to Estimate and Temporarily Allow Claim for Purposes of Voting on Plan of Reorganization" and "Supplement" thereto.

Debtors in an amount in excess of $1,447,500. If the settlement is not approved, a party proposing a plan would most likely need to make some type of provision for the payment of this claim. The K&W claim is now roughly 3 times the amount of the OM claim. In any plan of reorganization, the K&W claim may be treated differently from the OM claim, once allowed, as the Court has already discussed in its Order dated July 15, 2008. Also see In re Johnston, 21 F.3d 323 (9th Cir. 1994). The reality is that the Debtors' assets will substantially be used to pay the claim of K&W, whether the parties proceed with this settlement or continue to litigate. The payment of the K&W claim, now or later, does not create irreparable injury warranting that OM be granted a stay pending appeal.

3. No substantial harm will come to the appellee.

OM assumes that only the Debtors will appeal. However, a stay pending appeal will affect the other creditors of this estate. No other creditor has asserted an objection to the settlement. Although there are few creditors in this case, it is still noteworthy that only OM, with the most knowledge in the matter, asserts an unsupported statement that the settlement should not be approved. Such a statement does not warrant a stay pending appeal. The Internal Revenue Service ("IRS"), at the hearing on the Motion to Approve the Settlement and the Debtors' Motion to Dismiss, stated that it would work independently with the Debtors, outside of the bankruptcy context, to have its claim repaid. Thus, although the IRS had some initial hesitancy about whether the relief should be granted, the IRS determined that it was not opposed to the settlement or dismissal of the Debtors' case. As noted, the Court has separately set the Debtors' Motion to Dismiss for a further hearing, since there does remain an issue as to whether dismissal or conversion of the case is in the best of interest of creditors. All creditors to this estate have an interest in this dispute between K&W and the Debtors being finally resolved. The harm to the creditors and the Debtors is that a final resolution of the issues will be delayed while one creditor, OM, proceeds with its unsupported appeal of the settlement. In considering the harm to OM, versus the harm to the Debtors or

5

creditors, it is OM which suffers no harm.  The Debtors and the creditors wish to end the accrual of legal fees and, ultimately, dismiss the case.  To enter a stay under such circumstances delays the potential dismissal of the case, or conversion of the case if warranted, so that the Debtors' assets may be liquidated, within or outside of the bankruptcy context, to pay creditors on their claims.  A stay pending appeal delays this resolution of promptly paying creditors and, hence, is prejudicial to the Debtors and creditors.  This prejudice substantially outweighs the harm that OM would suffer if it were not granted a stay pending appeal.

4.  The imposition of the stay will do no harm to the public interest.

As already noted, the Court believes that there are substantial policy issues in granting a stay.  The parties utilized the Court-approved mediation procedures in resolving their dispute.  The public policy is to support such settlements.  If the Court were to grant a stay pending appeal, it is essentially questioning the validity and finality of the Court's mediation program.  The Court is unwilling to undertake such policy issues on this record.  From the Court's standpoint, OM has failed to present any basis, from a public policy standpoint, to grant a stay pending appeal.

5.  Suspension of Proceedings.

OM has separately requested that the proceedings on the Debtors' Motion to Dismiss be suspended.  It is unclear to the Court whether OM is requesting a stay under 11 U.S.C. §105 or some type of injunction under Federal Rules of Civil Procedure 65, as incorporated into bankruptcy proceedings through Rule 7065.  OM reiterates many of the arguments that it previously presented in its objection to the settlement as to why the Debtors' bankruptcy case should not be dismissed.  Those arguments will be considered by the Court at a hearing on August 27, 2008.  As noted in its July 15, 2008 Order, the Court has not yet made a decision on whether the Debtors' case should be dismissed or converted to

6

proceedings under Chapter 7. Thus, OM's argument regarding dismissal will be considered in due course, and OM has presented no information or facts that would support any type of injunction or suspension of the Debtors' Motion to Dismiss and OM's Cross Motion to Convert.

As to OM's argument that a suspension of the proceedings on the Debtors' Motion to Dismiss is warranted because the appeal is a necessary precursor to determining whether the Debtors' case should be dismissed, the Court believes that OM has missed the point. The factual disputes and legal reasoning to approve a settlement are different from those as to whether a case should be converted or dismissed. If OM is successful on appeal, K&W and the Debtors will continue to litigate their many disputes, increasing dramatically the attorneys' fees and costs of the Debtors that must be paid as an administrative expense prior to the claim of OM. If OM is successful on appeal, the claim of K&W, which is in excess of $1,447,500, must still be paid, through some type of liquidating Chapter 11 plan or otherwise. The Debtors' case will continue for a prolonged period of time as this Court resolves whether the K&W claim is non-dischargeable or the Debtors are entitled to a discharge, whether the Debtors have violated the automatic stay in proceeding with their state court appeal, and whether the creditors' plan should be confirmed, to name a few disputes before this Court, and the appellate issues will proceed in the state and federal court systems. The claim of K&W will not go away. However, it may still be appropriate to dismiss or convert the case. Whether to dismiss or convert the case will depend on what is in the best interest of creditors. If OM is not successful on appeal, K&W and the Debtors will proceed with their settlement, and the Court will still need to determine whether the case should be dismissed or converted. Any delay in determining whether the proceedings should be dismissed or converted causes a delay to creditors that is unnecessary and unwarranted on this record.

1  The Court has reviewed the OM Motion for Stay Pending Appeal.  Finding
2  that it is not appropriately supported,

4  IT IS ORDERED that the Motion for Stay Pending Appeal is Denied.
5  To the extent that OM has affirmatively moved to suspend the Debtors'
6  bankruptcy proceedings,
7  IT IS FURTHER ORDERED that said relief is also denied at this time.

10  The Court will execute a separate order on these issues.

12  Dated this 25th day of July, 2008.

14  The Honorable Sarah Sharer Curley
15  United States Bankruptcy Judge

17  **BNC to Notice.**